UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HECTOR QUINONES o/b/o
WENDY QUINONES,

      **Plaintiff,**

v.                                               Case No:   6:19-cv-635-Orl-37EJK

COMMISSIONER OF SOCIAL
SECURITY,

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff, Hector Quinones, brings this action pursuant to Title II of the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g) and 423, to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his deceased daughter, Wendy Quinones, Disability Insurance Benefits ("DIBs") under the Act. (Doc. 1.) Upon a review of the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the administrative record, and the pleadings and memorandum submitted by the parties, I respectfully recommend that the Commissioner's final decision in this case be affirmed, pursuant to sentence four of 42 U.S.C. § 405(g).

**I.      BACKGROUND**

Claimant, Wendy Quinones, filed for DIBs on November 12, 2014. (Tr. 334–337.) She alleged an onset of disability of February 1, 2014 (Tr. 336), which was later amended to April 1, 2015 (Tr. 532), due to type 1 diabetes, depression, anxiety, diabetic neuropathy, slight glaucoma, bi-polar disorder, fibromyalgia, poor circulation and hypothyroidism (Tr. 72). Her application was

denied initially on December 30, 2014 and upon reconsideration on May 20, 2015. (Tr. 138–140, 147–151.)

Claimant died on May 28, 2017 (Tr. 387), and her father, who is the Plaintiff here, was substituted as the party upon her death (Tr. 316–317). He attended the hearing before the ALJ on October 5, 2017. (Tr. 49–71.) In a decision dated April 19, 2018, the ALJ found Claimant not disabled, as defined under the Act, through the date of her death. (Tr. 9–31.) Plaintiff appealed to the Appeals Council, but on February 6, 2018, the Appeals Council denied Plaintiff's request for review. (Tr. 1–8.) Plaintiff then filed this action for judicial review of the Commissioner's decision on April 2, 2019. (Doc. 1.) Plaintiff has exhausted the available administrative remedies, and the case is properly before this Court.

On judicial review, Plaintiff argues that the ALJ erred by: (1) determining that the Claimant had the residual functional capacity ("RFC") to perform a modified range of light work (Doc. 28 at 7), and (2) posing a hypothetical question to the Vocational Expert ("VE") that did not adequately reflect Claimant's limitations (*id* at 17).

## II. THE ALJ'S DECISION

When determining whether an individual is disabled, the ALJ must follow the five-step sequential evaluation process established by the Social Security Administration and set forth in 20 C.F.R. § 404.1520(a)(4). Specifically, the ALJ must determine whether the claimant (1) is currently employed; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals an impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–1240 (11th Cir. 2004).

Plaintiff bears the burden of persuasion through step four, while at step five, the burden shifts to the Commissioner. *Id.* at 1241 n.10.

Here, the ALJ performed the required five-step sequential analysis. (Tr. 83–91.) At step one, the ALJ found that Claimant had not engaged in substantial gainful activity since April 1, 2015, the amended date of onset of disability. (Tr. 15.) At step two, the ALJ determined that Claimant had the following severe impairments: type 1 diabetes, polyarthritis, fibromyalgia, anxiety, ADHD, panic disorder without agoraphobia, and insomnia. (*Id.*) At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 16.)

Before proceeding to step four, the ALJ found that Claimant had the RFC to perform light work as defined in 20 C.F.R. § 404.1567(b), except she could "occasionally climb ramps, stairs, ropes, ladders and scaffolds, [and could] occasionally scoop, balance, crouch, kneel and crawl. The [C]laimant [could] have no exposure to unprotected heights or hazardous machines. The [C]laimant [could] understand, remember, and carry out simple, routine, repetitive work-related tasks." (Tr. 17.) At step four, the ALJ concluded that the Claimant was unable to perform her past relevant work as a sales clerk, hairdresser, police officer, or security guard. (Tr. 21.) Proceeding to step five, the ALJ, considering Claimant's age, education, work experience, and RFC, concluded that jobs existed in significant numbers in the national economy that Claimant could perform as a mail clerk, office helper, and photocopy machine operator. (*Id.*) Ultimately, the ALJ found that Claimant was not under a disability at any time from April 1, 2015, through the date of her death. (Tr. 22.)

### III. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" *Id.* However, though the review is limited, "the entire record must be scrutinized to determine the reasonableness of the Secretary's factual findings." *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

### IV. DISCUSSION

#### A. Issue One: Whether the ALJ failed to adequately weigh and consider the opinions of Claimant's treating physicians in reaching the RFC determination.

Plaintiff argues that the ALJ did not assign weight to any of the opinions of Claimant's treating physicians, and instead, weighed only the opinions of two non-examining state agency physicians: Dr. Barry Bercu and Dr. Pamela Green. (Doc. 28 at 8–9.) Specifically, Plaintiff argues that "it is impossible to know how the opinions of any of the [C]laimant's treating providers were factored into the ALJ's decision, as he provides us no explanation for how he weighed the treating

physician's opinions." (Doc. 28 at 15) (citing the entirety of the ALJ's decision, Tr. 12–23). Defendant responds that Plaintiff has failed to demonstrate that there was an opinion from a treating physician that the ALJ failed to weigh, and to that extent, Plaintiff has waived this argument. (*Id.*) Even if Plaintiff has not waived his argument, Defendant asserts that the ALJ's decision clearly demonstrates that he considered the entire evidence of record when determining Claimant's RFC for a reduced range of light work. (*Id.* at 16.)

The Eleventh Circuit has held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, the statement is an opinion requiring the ALJ to state with particularity the weight given to it and the reasons therefor. *Winschel*, 631 F.3d at 1178–79 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). When evaluating a physician's opinion, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the physician treated the claimant, the evidence the physician presents to support his or her opinion, whether the physician's opinion is consistent with the record as a whole, and the physician's specialty. *See* 20 C.F.R. § 404.1527(c).[1] A treating doctor's opinion is generally entitled to more weight, and an ALJ must articulate good cause for discounting a treating doctor's opinion. 20 C.F.R. § 404.1527(c)(2). All opinions, including those of non-treating state agency or other program examiners or consultants, are to be considered and evaluated by the ALJ. *See* 20 C.F.R. § 404.1527(b). However, the opinion of a one-time examiner is not entitled to deference. *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987).

Defendant is correct that Plaintiff has failed to point the Court to any specific portion of the record where the ALJ improperly evaluated an opinion of one of Claimant's treating physicians

---

[1] Although the Commissioner has adopted new regulations for considering medical opinions for claims filed on or after March 27, 2017, Claimant's application for benefits was filed in 2014, so § 404.1527 applies here.

or failed to weigh an opinion from Claimant's treating physician. Rather, a review of the ALJ's opinion demonstrates that he reviewed Claimant's medical records dating back to February 2015. (Tr. 18–19.) The ALJ did not specifically discount any of these records. Instead, the ALJ ultimately concluded that *Claimant's statements* regarding the effects of her symptoms were not entirely consistent with the medical evidence. (Tr. 19–21.) Therefore, the ALJ discounted Claimant's statements, not the opinions of any of Plaintiff's treating physicians. The undersigned thus concludes that Plaintiff has failed to identify any error made by the ALJ in this regard.

**B. Issue Two: Whether the ALJ posed an incomplete hypothetical question to the VE that did not adequately reflect Claimant's RFC limitations.**

Plaintiff argues that the hypothetical posed to the VE did not contain the same limitations the ALJ included in the RFC determination. (Doc. 28 at 18.) Specifically, Plaintiff notes that the ALJ failed to account for Claimant's moderate limitations in maintaining concentration, persistence, and pace when posing the hypothetical question to the VE, and thus, the ALJ's opinion is not supported by substantial evidence. (*Id.* at 19.) Defendant responds that the ALJ appropriately considered all of Claimant's mental limitations in the hypothetical question to the VE. (*Id.* at 22.)

At step five, the burden of proof shifts to the Commissioner to demonstrate that there are jobs in significant numbers that Claimant could have performed. *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). At this step, the ALJ must "articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." *Wilson v. Barnhart*, 284 F.3d 1219, 1227 (11th Cir. 2002). When a claimant "cannot perform a full range of work at a given level of exertion or the claimant has non-exertional impairments that significantly limit basic work skills[,] . . . the Commissioner's preferred method of demonstrating that the claimant can perform other jobs is through the

testimony of a VE." *Curcio v. Comm'r of Soc. Sec.*, 386 F. App'x 924, 925 (11th Cir. 2010) (unpublished) (internal quotation marks omitted).

When "the ALJ elects to use a [VE] to introduce independent evidence of the existence of work that a claimant could perform, the ALJ must pose a hypothetical that encompasses *all* of the claimant's severe impairments in order for the VE's testimony to constitute substantial evidence." *Chavanu v. Astrue*, No. 3:11-cv-388-J-TEM, 2012 WL 4336205, at *9 (M.D. Fla. Sept. 21, 2012) (citing *Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985)) (emphasis added). "If the ALJ determines that a claimant has moderate limitation in maintaining concentration, persistence, and pace, the ALJ's hypothetical to the VE must include, or implicitly account for, this limitation." *McInerney v. Comm'r of Soc. Sec.*, No. 2:15-cv-339-FtM-CM, 2016 WL 4651372, at *6 (M.D. Fla. Sept. 7, 2016) (citing *Winschel*, 631 F.3d at 1181).

Here, in evaluating the four broad functional areas otherwise known as the "paragraph B" criteria, the ALJ concluded that Claimant had moderate limitations in her ability to concentrate, persist, or maintain pace. (Tr. 16.) The ALJ noted that while Claimant did contend that she had "limitations in focusing generally, following instructions, and completing tasks," she also reported that she was able "to drive, manage funds, and handle her own medical care." (*Id.*) Further, in the RFC assessment, the ALJ noted that Claimant was able to visit her boyfriend, fly to Florida, and received "good" mental status exams throughout the record, all of which the ALJ determined showed Claimant was able to maintain concentration, persistence, or pace to a "good degree." (Tr. 19–20.) Accordingly, the ALJ limited Claimant's mental RFC to understanding, remembering, and carrying out "simple, routine, repetitive work-related tasks." (Tr. 17.) This same limitation was included in the hypothetical to the VE:

> So, the first hypothetical, Ms. Comaroff, I would want you to assume a hypothetical person of claimant's age, education, and work

> history. Further assume the person has the residual functional capacity to perform a full range of light work, but with the following limitations. The person can occasionally climb ramps and stairs . . . . Can occasionally [climb] ladders, ropes, or scaffolds. Can occasionally stoop, balance, crouch, kneel, and crawl. No exposure to unprotected heights or hazardous machinery. **And the person can understand, remember, and carry out, simple routine repetitive work related tasks.**

(Tr. 65) (emphasis added).[2]

Thus, the ALJ's hypothetical to the VE implicitly accounted for Claimant's moderate limitations in maintaining concentration, persistence, or pace, *Winschel*, 631 F.3d at 1181, and the ALJ's opinion on this matter is supported by substantial evidence from the record. The Eleventh Circuit has found that limiting a plaintiff to simple or unskilled work implicitly accounts for moderate difficulties in maintaining concentration, persistence, or pace. *See, e.g.*, *Thornton v. Comm'r, Soc. Sec. Admin.*, 597 F. App'x 604, 612 (11th Cir. 2015) (unpublished) (holding that the hypothetical the ALJ posed to the VE, which specified that the plaintiff could only perform "simple, non-detailed tasks," was enough to account for her moderate limitations in concentration, persistence, and pace); *Lee v. Comm'r, Soc. Sec. Admin.*, 551 F. App'x 539, 541 (11th Cir. 2014) (unpublished) (holding that the ALJ implicitly accounted for the plaintiff's limitations in concentration, persistence, and pace when including a limitation of simple work in the hypothetical posed to the VE.) Similarly, the ALJ in the instant case implicitly accounted for Claimant's limitations in maintaining concentration, persistence, and pace in limiting Claimant to simple, routine, repetitive work-related tasks. Therefore, I find that the ALJ's hypothetical to the VE was appropriate in this case and was otherwise supported by substantial evidence.

---

[2] The ALJ actually obtained testimony from the VE by posing three different hypotheticals to allow the VE to testify about several different circumstances. This was because, at the time of the hearing, the ALJ did not yet have Claimant's complete set of medical records, as she had died only four months prior, and her estate had not yet been able to obtain them. *See generally*, Tr. 49–71.

## V. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **AFFIRM** the Commissioner's final decision in this case; and
2. **DIRECT** the Clerk to enter judgment accordingly and **CLOSE** the file.

### NOTICE TO PARTIES

A party has **fourteen days** from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on July 9, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record